# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ISIDRO BARRAGAN,<br><br>    Defendant. | No. CR13-4018-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On March 27, 2013, an Indictment was returned against defendant Isidro Barragan charging him with conspiring to distribute 500 grams or more of a methamphetamine mixture which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possessing with intent to distribute 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 17, 2013, Barragan filed a Motion to Suppress. In his motion, Barragan seeks to suppress evidence obtained from a search of his hotel room and statements he made in a post-*Miranda* interview. The prosecution filed a timely resistance to Barragan's motion. Barragan's Motion to Suppress was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand conducted an evidentiary hearing on July 31, 2013, and then filed a Report and Recommendation on August 27, 2013, in which he recommends Barragan's Motion to Suppress be denied. Judge Strand concluded that Barragan voluntarily consented to a search of his hotel room. Judge Strand also found that the police's search of the hotel

room did not exceed the scope of Barragan's consent. Therefore, Judge Strand concluded that the search of Barragan's hotel room did not violate the Fourth Amendment and the evidence resulting from that search should not be suppressed. Judge Strand further found that, after Barragan was informed of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), he voluntarily, knowingly, and intelligently waived his rights. Thus, Judge Strand concluded that Barragan's statements should not be suppressed. Neither the prosecution nor Barragan have filed objections to Judge Strand's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the

district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Strand's Report and Recommendation and order that defendant Barragan's Motion to Suppress is **denied**.

3

**IT IS SO ORDERED.**

**DATED** this 12th day of September, 2013.

                                                  MARK W. BENNETT
                                                  U. S. DISTRICT COURT JUDGE
                                                  NORTHERN DISTRICT OF IOWA